[Print in *black* ink all areas in bold letters. This summons *must* be served with a complaint.]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

ROLAND J. DE FRIES  (917) 859-4223  SUMMONS

600 W 146TH ST. #51, NY, NY 10031
[your name(s)]                     Plaintiff(s)

Index Number

12103188

- against -

1. PETER ZANDER PHOTOGRAPHY
   8 LAKE RD., KATONAH, NY 10536
2. GETTY IMAGES INC., 602 N 34TH ST.
   SEATTLE, WA 98103

Date Index Number purchased

July 3, 2012

[name(s) of party being sued]     Defendant(s)
-----------------------------------------------------------------X

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: July 3, 2012
[date of summons]

NEW YORK
COUNTY CLERK'S OFFICE

JUL 03 2012

NOT COMPARED
WITH COPY FILE

[sign your name]

ROLAND J. DE FRIES
[print your name]

600 W 146TH ST. APT 51
NEW YORK, NY 10031
(917) 859-4223
[your address(es), telephone number(s)]

Defendant(s) 1.) PETER ZANDER PHOTOGRAPHY
8 LAKE RD., KATONAH, NY 10536
2.) GETTY IMAGES INC.
602 N 34TH ST., SEATTLE, WA 98103
[address(es) of defendant(s)]

Venue: Plaintiff(s) designate(s) New York County as the place of trial. The basis of this designation is: [check box that applies]
☒ Plaintiff(s) residence in New York County
☐ Defendant(s) residence in New York County
☐ Other [See CPLR Article 5]: _____

7-06

**COMPLETE THIS STUB**

Title of Action or Proceeding to be TYPED or PRINTED by applicant
SUPREME COURT, NEW YORK COUNTY

DO NOT DETACH

Endorse the INDEX NUMBER ON ALL Papers and advise your adversary of the number assigned. (See. 202.5, Uniform Rules Of Trial Courts)



**NEW YORK COUNTY CLERK'S OFFICE**

60 CENTRE ST.
NEW YORK, NY 10007
646-386-5950

INV NO: 1207001555

| | | | 141 |
|---|---|---|---|
| OPID: 00000 | | | 7/3/2012 4:25 PM |
| STID: CLERK7 | | | |
| 14101 | GENERAL | | 165.00 |
| 14108 | SURCHARGE | | 45.00 |
| Total Items | 2 | SubTotal | $210.00 |
| | | Total | $210.00 |
| | | Unknown | $210.00 |
| | | Change | $0.00 |

| Trans Type: | N/A |
|---|---|
| Auth No: | N/A |
| Ref No: | N/A |
| TroutID: | N/A |
| Card Trans No: | 1207000382 |
| Card Issuer: | N/A |
| Amount: | $210.00 |
| Date and Time: | 7/3/2012 4:26:23 PM |

**CARD**



COUNTY CLERK NY COUNTY
60 CENTRE ST
NY COUNTY CLERK RM 1 SUITE 141
NEW YORK, NY 10007
1670209413

Merchant ID: 020043334

Sale

xxxxxxxx7867
VISA          Entry Method: Swiped

Total:                $ 210.00

07/03/12              16:24:32
Inv#: 000029         Appr Code: 052433
Apprvd: Online       Batch#: 001947

Customer Copy
THANK YOU!
COME AGAIN!

**INDEX NUMBER FEE $210.00**

121031SS

INDEX NO.
12103188
NEW YORK
COUNTY CLERK'S OFFICE

JUL 03 2012

NOT COMPARED
WITH COPY FILE

Supreme Court of the State of New York
County of New York

..............................

Roland J. De Fries (Plaintiff)
residing at 600 West 146th St. Apt 51, New York, NY 10031
Phone (917) 859-4223

-against-

Peter Zander Photography (Defendant)

and

Getty Images Inc. (Defendant)

..............................

## COMPLAINT
## TO THE SUPREME COURT OF THE STATE OF NEW YORK

The complaint of the plaintiff, Roland J. de Fries, respectfully shows and alleges as follows:

1. The plaintiff herein, Roland J. de Fries, is a resident of the state of New York. Mr. de Fries resides at 600 W 146th Street, Apt 51, New York, NY 10031.

2. The first defendant herein, Peter Zander Photography, has a principal place of business at 8 Lake Road, Katonah, NY 10536. Defendant is engaged in the business of professional photography.

3. The second defendant herein, Getty Images Inc., has a principal place of business at 602 N 34th Street, Seattle WA 98103. Defendant is engaged in the business of sales, distribution, publication and marketing of stock photography and images.

NEW YORK
COUNTY CLERK'S OFFICE

JUL 03 2012

NOT COMPARED
WITH COPY FILE

INDEX NO 12103188

4. Defendant Peter Zander Photography desired to take photographs at the plaintiff's weekend home for personal and non-commercial, non-public photography project and asked permission from the plaintiff, as a friend, courtesy and a favor. The suggested title of the project was presented as 'Portraits of Manhattan families who have weekend homes in New England and Upstate New York'. Defendant and Plaintiff discussed defendant Zander's needs and specifications for this project, specifically the strictly non-commercial, non-public nature of the photos, and without exception.

5. In July 2008 Peter Zander came to the plaintiff's weekend home at 2656 Torringford Street, Torrington, CT 06790 ("the Torringford property"), and took pictures of the property, the defendant, his minor son, Maximilian J. de Fries (DOB 05/24/2005), and wife. No model or property releases were signed during or before the photoshoot, nor did it seem necessary given the strictly non-commercial, non-public nature of the project (Defendant Zander a high paid professional photographer with many years knowledge and experience knows to have a model release signed on or before the day of the shoot and in person).

6. On March 20, 2011 plaintiff learned about images from the photoshoot on defendant Getty Images Inc.'s commercial website. The nature of the second defendant's business is the commercial sale, distribution, marketing and publication of stock photography. The images in question were being offered as 'royalty-free' images, in essence allowing anyone worldwide to buy and use plaintiff's image as well as that of his minor child's image or any part of image after paying a preset fee -independent from its usage and without restrictions. Defendant Zander is then being paid royalties by defendant Getty from the sale of images.

7. The images are entirely from the aforementioned photoshoot at the plaintiff's Torringford property. The images show the plaintiff, his minor son in very personal intimate settings, the child sitting on his potty with his underwear lowered, both sitting and standing up, the child in his underwear, the plaintiff and son glancing at computer screen, the plaintiff and son playing in the backyard, etc -all images using a soft light with a telescopic lens creating an almost voyeuristic atmosphere. None of the images of the plaintiff had been given permission for release or publication, this was a 'friend taking family pictures', nor was it discussed with the plaintiff, nor were any images ever shared with the plaintiff or released for retouching, editing, publication or sales.

8. Plaintiff immediately made numerous attempts informing defendants that the images in question were being used illegally and without release forms or permissions. Plaintiff demanded both via phone and email with both defendants explanation, full discovery and repair of damages from both defendants. Defendant Zander never mentions the existence of property or model releases, defendant Getty Images doesn't mention property or model releases but refers back to the existing and professional business releationship between the two defendants.

NEW YORK
COUNTY CLERK'S OFFICE

JUL 03 2012

NOT COMPARED
WITH COPY FILE

INDEX NO 121031/SP

Plaintiff demanded prompt clarification from both defendants regarding usage, sales, distribution, monetary worth, buyer names etc.

9. April 2011, plaintiff learns from both defendants that various images have been sold by defendant Getty's retail website, royalty free, globally, and for various undisclosed usages including digital media, web use, advertising, and corporate clients. Defendant Getty refuses to release client buyer names and purpose. Defendant Zander admits to plaintiff during a phone conversation that he sold the images, wrongfully assuming that he had permission to do so. Defendant Zander witholds mention of any signed releases. Additional phone conversation follows in April, defendant once again after being asked, tells plaintiff that no model releases from shoot exist.

10. May 9, 2011, defendant Zander tells plaintiff defendant Getty responded which images were being used. Defendant Getty via their legal department, Content Specialist, Getty- on May 11, 2011 sent a note to plaintiff explaining how Getty would "like to find a suitable solution for this matter and the problem at hand" and how the defendant recognizes "how this must be alarming" for the defendant.

Defendant Zander miraculously 'produces' model and property releases, and 'recalls' the existence of signed model releases, after plaintiff urges both defendants that plaintiff pledges to get to the bottom of this issue.

11. The situation causes great distress, taking its toll: Plaintiff's marriage endures several argumentative discussions and great infliction of psychological stress (since then, and as another result, the marriage has broken apart and divorce has been filed, and plaintiff suffers damages from the worries about his and his son's pictures being distributed, sold and published without consensus, without knowledge, and without permission. The traumatic experience results in plaintiff suffering a nervous breakdown on April 15 and 16, 2011, resulting in an overnight stay at Lenox Hill Hospital in Manhattan, and after diagnosed with a TIA Ministroke, and numerous tests, CT Scan, MRI Scan, various physical EKG, Cardio-Vascular stress tests, extensive blood work, and following hospital stays, numerous doctor visits , and, as a direct result a referal from PCP for therapy visits. Plaintiff has suffered great financial loss, hardship and physical, psychological and inter-personal harm and distress as a direct result from the defendants actions, also causing financial loss of business as a result (Plaintiff is self-employed and business owner in Manhattan, his absense and utter distraction following these events of March-May 2011 directly resulted in loss of various client business and failure to produce and manage new business, causing great monetary distress and harm for himself, his co-workers and business associates).

12. The model and property releases that defendants Zander and Getty Images produce in May 2011 are forged documents, which was brought to their attention, and ignored. The dates on all of the sheets showing Oct 30, 2008 are incorrect and months after the shoot date (Defendant Zander, a high paid professional photographer, with many years knowledge and experience is aware of the legal ramifications of having a model release

NEW YORK
COUNTY CLERK'S OFFICE

JUL 03 2012

NOT COMPARED
WITH COPY FILE

INDEX NO 121031SP

Plaintiff demanded prompt clarification from both defendants regarding usage, sales, distribution, monetary worth, buyer names etc.

9. April 2011, plaintiff learns from both defendants that various images have been sold by defendant Getty's retail website, royalty free, globally, and for various undisclosed usages including digital media, web use, advertising, and corporate clients. Defendant Getty refuses to release client buyer names and purpose. Defendant Zander admits to plaintiff during a phone conversation that he sold the images, wrongfully assuming that he had permission to do so. Defendant Zander witholds mention of any signed releases. Additional phone conversation follows in April, defendant once again after being asked, tells plaintiff that no model releases from shoot exist.

10. May 9, 2011, defendant Zander tells plaintiff defendant Getty responded which images were being used. Defendant Getty via their legal department, Content Specialist, Getty- on May 11, 2011 sent a note to plaintiff explaining how Getty would "like to find a suitable solution for this matter and the problem at hand" and how the defendant recognizes "how this must be alarming" for the defendant.

Defendant Zander miraculously 'produces' model and property releases, and 'recalls' the existence of signed model releases, after plaintiff urges both defendants that plaintiff pledges to get to the bottom of this issue.

11. The situation causes great distress, taking its toll: Plaintiff's marriage endures several argumentative discussions and great infliction of psychological stress (since then, and as another result, the marriage has broken apart and divorce has been filed, and plaintiff suffers damages from the worries about his and his son's pictures being distributed, sold and published without consensus, without knowledge, and without permission. The traumatic experience results in plaintiff suffering a nervous breakdown on April 15 and 16, 2011, resulting in an overnight stay at Lenox Hill Hospital in Manhattan, and after diagnosed with a TIA Ministroke, and numerous tests, CT Scan, MRI Scan, various physical EKG, Cardio-Vascular stress tests, extensive blood work, and following hospital stays, numerous doctor visits , and, as a direct result a referal from PCP for therapy visits. Plaintiff has suffered great financial loss, hardship and physical, psychological and inter-personal harm and distress as a direct result from the defendants actions, also causing financial loss of business as a result (Plaintiff is self-employed and business owner in Manhattan, his absense and utter distraction following these events of March-May 2011 directly resulted in loss of various client business and failure to produce and manage new business, causing great monetary distress and harm for himself, his co-workers and business associates).

12. The model and property releases that defendants Zander and Getty Images produce in May 2011 are forged documents, which was brought to their attention, and ignored. The dates on all of the sheets showing Oct 30, 2008 are incorrect and months after the shoot date (Defendant Zander, a high paid professional photographer, with many years knowledge and experience is aware of the legal ramifications of having a model release

NEW YORK
COUNTY CLERK'S OFFICE

JUL 03 2012

NOT COMPARED
WITH COPY FILE

INDEX NO 12103188

signed on or before the day of the shoot and in person). The dates of the created files show June 1, 2010 and the data and signatures on the releases are forged: The model releases on both plaintiff and plaintiff son's documents are forged signatures and this was made clear to both defendants Getty and Zander.

13. Defendant Zander pledges to 'get to the bottom of it all' but begs plaintiff's permission to communicate further with defendant Getty, due to the valuable and longstanding business relationship between Zander and Getty and the sensitive nature of the problem. Promising to resolve and repair all damages caused by his actions. Plaintiff gives permission to do so but demands full disclosure and timely follow up by defendants. During 2011 and early 2012, plaintiff attempts to collect information and disclosure fail to return the desired responses and clarification, or any offer to resolve the issue nor offer any relief sought from damages. Upon information and belief, defendants acted in concert in a common plan or scheme, communicated among themselves and have taken multiple overt actions to accomplish the allegations contained in the complaint herein. The defentants are individually, jointly and severally liable for all acts when identified in a particular cause of action.

March 2012, plaintiff requests contact information and reveals additional violations, including the continued usage of the beforesaid imagery on defendant Zander's website (www.peterzander.com), various external and third party websites, and social media sites. In addition imagery from the shoot can be found and are to this day searchable by image number and/or content description. There are instances of commercial publishing using imagery of plaintiff and plaintiff's son with active links.

14. By reason of facts and circumstances stated above, defendants have violated numerous state and federal laws, including but not limmited to causing reckless infliction of severe emotional distress, forgery, copyright infringement, damages to personal, physical, psychological health and well being, as well as the plaintiff's family's well being, the plaintiff's business suffering greatly and in several instances, lying for monetary and personal gain, fraud, breach of contract, unauthorized sale and publication of personal images knowingly, recklessly and without permission.

15. By reason of the facts and circumstances listed above, plaintiff has been greatly injured in character and reputation and suffered great pain and mental anguish to his damage in the sum of no less than twelve-million-five-hundred-thousand dollars (12.5 Million USD).

NEW YORK
COUNTY CLERK'S OFFICE

JUL 03 2012

NOT COMPARED
WITH COPY FILE

INDEX NO. 121031/58

WHEREFORE, plaintiff seeks immediate injunctive relief and, ultimately, monetary relief as proved at law, including, without limitation, threefold damages and attorney's fees pursuant to applicable law, and demands judgment against defendants in the sum of no less than twelve-million-five-hundred-thousand dollars (12.5 Million USD), plus interest from April 15, 2011, costs and disbursements, together with any other relief the Court finds to be just and proper.

Dated: July 3, 2012

_____
(Sign Name)

ROLAND J. DE FRIES
(Print Name)

600 W 146th Apt 51,
NY, NY 1003[1]
(Address, Phone)

NEW YORK
COUNTY CLERK'S OFFICE

JUL 03 2012

NOT COMPARED
WITH COPY FILE

INDEX NO 1210 31 88

Notice: The nature of this action is [*briefly* describe the nature of your case against the defendant(s), such as, breach of contract, negligence]:

CAUSING INFLICTION AND SEVERE EMOTIONAL DISTRESS, FORGERY, COPYRIGHT INFRINGEMENT, DAMAGES TO PERSONAL HEALTH, PSYCHE AND FAMILY WELL-BEING, INCLUDING A MINOR, IN SEVERAL INSTANCES, LYING FOR MONETARY GAIN, FRAUD, BREACH OF CONTRACT, UNAUTHORIZED SALE AND PUBLICATION OF IMAGES.

The relief sought is [*briefly* describe the kind of relief you are asking for, such as, money damages of $25,000] NO LESS THAN 12,5 MIO USD FOR EACH INSTANCE.

Should defendant(s) fail to appear herein, judgment will be entered by default for the sum of 12.5 MIO USD. [amount of money demanded], with interest form the date of MARCH 2011 [date from which interest on the amount demanded is claimed] and the costs of this action.

Venue:

Plaintiff(s) designate New York County as the place of trial. The basis of this designation is [check box that applies]:

☒ Plaintiff(s) residence in New York County

☐ Defendant(s) residence in New York County

☐ Other [See CPLR Article 5]: _____

NEW YORK COUNTY CLERK'S OFFICE

JUL ~~ 2012

NOT COMPARED WITH COPY FILE

INDEX NO 12103188

VERIFICATION

NEW YORK
COUNTY CLERK'S OFFICE

JUL 03 2012

ROLAND J. DE FRIES, being duly sworn, deposes and says:

NOT COMPARED
WITH COPY FILE

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
[sign your name in front of a Notary]

ROLAND J. DE FRIES
[print your name]

State of New York
County of New York

Sworn to before me this
____ day of JUL - 3 2012, 200__

_____
Notary Public

ANNA DONG
Notary Public, State of New York
Reg. No. 04DO6228919
Qualified in New York County
Commission Expires Sept. 27, 20 14

NEW YORK
COUNTY CLERK'S OFFICE
JUL 03 2012
NOT COMPARED
WITH COPY FILE

SampleCompl4.06

NEW YORK
COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF __NY__

JUL 03 2012

NOT COMPARED
WITH COPY FILE

----------------------------------------x

ROLAND J. DEFRIES, Plaintiff/Petitioner,

- against -

PETER ZANDER PHOTOGRAPHY
GETTY IMAGES, INC. Defendant/Respondent.

Index No. __12103188__

----------------------------------------x

## NOTICE OF OPT-OUT FROM PARTICIPATION
## IN ACTION SUBJECT TO MANDATORY ELECTRONIC FILING

Pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts, I hereby opt out of participation in electronic filing in this mandatory e-filed case.

### For Attorneys:

I certify in good faith that I am unable to participate in mandatory electronic filing of documents in this case on behalf of my client, _____, because [place your initials in the applicable space]:

_____ I lack [check off the applicable box]:

☐ the necessary computer hardware

☐ a connection to the internet

☐ a scanner or other device by which documents may be converted to an electronic format

_____ I lack the knowledge regarding operation of computers and/or scanners needed to participate in electronic filing of documents in this case and no employee of mine or of my firm, office or business who is subject to my direction possesses such knowledge.

### For Self-Represented Litigants [place your initials in the space below]:

__RL__ I choose not to participate in electronic filing of documents in this case.

Dated: __July 3, 2012__

_____ (Signature)

_____ (Name)

_____ (Firm Name)

__600 W 146th, Apt 51__ (Address)
__NY, NY 10031__

__(917) 859-4223__ (Phone)